UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND LEE GOINS,<br><br>Plaintiff,<br><br>v.<br><br>D. RUTHERFORD, et al.,<br><br>Defendants. | No. 2:18-cv-1750 TLN AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner incarcerated at California State Prison Corcoran (CSP-COR), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983, challenging conditions of his prior confinement at California State Prison Sacramento (CSP-SAC). This action proceeds against four of the five defendants on plaintiff's Eighth Amendment claims for the use of excessive force (against defendants Rutherford, Elizarraras, Hart and Saaverdra), and against defendant Saelee on plaintiff's Eighth Amendment failure-to-protect claim. See ECF No. 7 et seq.

On August 22, 2019, defendants filed and served a motion for partial summary judgment on the ground that plaintiff failed to exhaust his administrative remedies against defendants Hart, Saavedra and Saelee before commencing this action. See ECF No. 30-2. The Prison Litigation Reform Act requires that prisoners exhaust "such administrative remedies as are available" before

commencing a suit challenging prison conditions. See 42 U.S.C. § 1997e(a). Defendants concede that plaintiff timely exhausted his administrative remedies on his excessive force claims against defendants Rutherford and Elizarraras. See ECF No. 30-2 at 7:3-5.

Plaintiff failed to oppose defendants' motion for summary judgment. On September 24, 2019, the court so informed plaintiff and granted him additional time to file an opposition. ECF No. 32. The court informed plaintiff that failure to oppose defendants' motion may result in the dismissal of this action for failure to prosecute. Id. at 2. Thereafter plaintiff requested a further extension of time. ECF No. 33. On October 23, 2019, the court extended the deadline for plaintiff to file and serve his opposition to defendants' motion for summary judgment to November 22, 2019. ECF No. 34. That deadline has now passed yet plaintiff has not filed an opposition or otherwise responded to defendants' motion or the court's orders.[1]

Local Rule 230(l) provides that "[f]ailure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion." See also Local Rule 110 (failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"); Fed. R. Civ. P. Rule 41(b) (authorizing involuntary dismissal of a claim or action "if the plaintiff fails to prosecute or to comply with these rules or a court order").

Pursuant to this legal authority, and defendants' prima facie showing they are entitled to the requested relief, the undersigned will recommend that defendants' motion for partial summary judgment be granted. Defendants' motion identifies all of plaintiff's administrative appeals during the relevant period. See ECF No. 30-2 at 3-4; see also ECF No. 30-3 (Defendants' Statement of Undisputed Facts (DSUF)). Of these, only one appeal, Log No. SAC-16-03611, is

---

[1] The undersigned has confirmed that plaintiff remains incarcerated at CSP-COR. See http://inmatelocator.cdcr.ca.gov/ (Inmate Locator website operated by the California Department of Corrections and Rehabilitation). This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

The undersigned has also confirmed that the court's pertinent orders were served on plaintiff at his CSP-COR address. Service of orders on plaintiff at his (verified) address of record is fully effective. See Local Rule 182(f).

2

relevant to this action. Defendants accurately note that, while the exhaustion of that appeal exhausted petitioner's administrative remedies on his excessive force claims against defendants Rutherford and Elizarraras, the appeal neither named nor reasonably identified defendants Hart, Saavedra or Saelee; nor did it identify conduct subsequent to the challenged conduct of defendants Rutherford and Elizarraras that could reasonably be attributed to other defendants. See ECF No. 30-2 at 7:3-5 (citing DSUF 4-6); see also ECF No. 30-4 (Decl. of J. Spaich, Acting Chief of CDCR's Office of Appeals, and copies of plaintiff's appeals attached thereto); id. at 8-16, Ex. 2 (Plaintiff's Appeal Log. No. SAC-16-03611, allegations and administrative decisions); ECF No. 30-5 (Decl. of L. O'Brian, CSP-SAC Appeals Coordinator, and copies of plaintiff's appeals attached thereto).

The undersigned finds that these exhibits support the affirmative defense that plaintiff failed to exhaust his administrative remedies on his claims against defendants Hart, Saavedra and Saelee. See Jones v. Bock, 549 U.S. 199, 211, 216 (2007). Defendants having met their initial burden of production regarding non-exhaustion, the burden shifts to plaintiff to show that administrative remedies were unavailable to him or that the defense otherwise fails. See Albino v. Baca, 697 F.3d 1023, 1030-31 (9th Cir. 2012). Plaintiff has not contested the fact of non-exhaustion as to defendants other than Rutherford and Elizarraras, nor has he made any showing in support of an exception to the exhaustion requirement.

Accordingly, plaintiff's claims against defendants Hart, Saavedra, and Saelee should be dismissed with prejudice, and this action should proceed only on the remaining claims that defendants Rutherford and Elizarraras used excessive force against plaintiff in violation of the Eighth Amendment.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for partial summary judgment, ECF No. 30, be GRANTED.

2. Plaintiff's claims against defendants Hart, Saavedra and Saelee be DISMISSED WITH PREJUDICE due to plaintiff's failure to exhaust his administrative remedies against them before commencing this action, see 42 U.S.C. § 1997e(a), and plaintiff's failure to oppose defendants' motion, see Local Rule 230(l), Fed. R. Civ. P. 41(b).

3. This action should proceed on plaintiff's remaining claims that defendants Rutherford and Elizarraras used excessive force against plaintiff in violation of the Eighth Amendment.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE