UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND LEE GOINS, | No. 2:18-cv-1750 TLN AC P |
| Plaintiff, | |
| v. | <u>ORDER</u> and |
| D. RUTHERFORD, et al., | <u>ORDER SETTING SETTLEMENT CONFERENCE</u> |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's Eighth Amendment excessive force claims against defendants Rutherford and Elizarraras.  <u>See</u> ECF Nos. 35, 36.  Discovery closed on July 31, 2020 and the dispositive motion deadline is November 6, 2020.  ECF No. 39.

The court has determined that this case will benefit from a settlement conference. Therefore, the current dispositive motion deadline will be vacated and this case will be referred to Magistrate Judge Kendall J. Newman to conduct a settlement conference.

The settlement conference will be convened on Wednesday, February 17, 2021, at 9:00 a.m., and conducted by remote means to be determined at a later date and time.  The Court will issue the necessary orders in due course.

////

////

///

1

Accordingly, IT IS HEREBY ORDERED that:

1. The November 6, 2020 dispositive motion deadline in this case is vacated; a new dispositive motion deadline will be set after the settlement conference if needed.

2. This case is set for a settlement conference before United States Magistrate Judge Kendall J. Newman on February 17, 2021 at 9:00 a.m. The settlement conference will be conducted by remote means, to be determined at a later date and time.

3. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

5. The parties are directed to exchange non-confidential settlement statements seven days prior to the settlement conference. These statements shall simultaneously be delivered to the court using the following email address: kjnorders@caed.uscourts.gov. Plaintiff shall mail his non-confidential settlement statement Attn: Magistrate Judge Kendall J. Newman, USDC CAED, 501 I Street, Suite 4-200, Sacramento, CA 95814 so that it arrives at least seven (7) days prior to the settlement conference. The envelope shall be marked "SETTLEMENT STATEMENT." The date and time of the settlement conference shall be prominently indicated on the settlement

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

statement. If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

    6. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at California State Prison, Corcoran, via facsimile at (559) 992-7372 or via email.

DATED: November 3, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE